GARLINGHOUSE *v.* MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—RAILROADS—CAR REPAIRER—RULES, VIOLA-
TION OF—HABITUAL UNENFORCEMENT.

A car repairer could not recover for alleged negligence of
the railroad company in failing to enforce a rule to pro-
tect its employees while they were engaged in work on
a car by displaying a blue flag on the car by day or blue
lights by night, where it appeared from the opening state-
ment of his attorney and from his testimony, given at a
former trial, that he did not rely on the enforcement of
such rule, but did reply on the promise of a superior fel-
low-servant to send a man to protect him, and that the
accident occurred because of a failure to carry out the
promise of protection.

Error to Washtenaw; Kinne, J. Submitted Janu-
ary 16, 1914. (Docket No. 111.) Decided October 2,
1914. Rehearing denied April 28, 1915.

Case by Frank W. Garlinghouse against the Michi-
gan Central Railroad Company for personal injuries.
Judgment for defendant on a directed verdict. Plain-
tiff brings error. Affirmed.

*A. J. Sawyer & Son* and *Arthur Brown* (*E. R.
Sunderland,* of counsel), for appellant.

*John F. Lawrence* (*T. D. Kearney,* of counsel), for
defendant.

BROOKE, J. Upon a former trial of this case plain-
tiff recovered a judgment against the defendant of
$10,000. This judgment was reviewed in this court.
174 Mich. 73 (140 N. W. 646). Reference is had to
that opinion for a sufficient statement of the facts
involved. Upon the present trial plaintiff's counsel
made an opening statement to the jury in the case,
in the course of which he offered to prove:

"That the defendant at that time and for many years prior thereto had nominally in force a rule for the protection of car repairers called the 'blue signal rule,' by which car repairers and other employees of the car-repairing department, who had occasion to work on or about cars, were strictly forbidden to commence work on any car, the nature of which might require them to place themselves in a position on, under, or about the car, whereby its movement on the track could result in injury to them, without first properly protecting said car with a blue flag or flags by day, or blue lights at night; that this rule was, during the time plaintiff worked for defendant in Jackson, and for many years prior thereto, habitually and constantly violated in the Jackson yards; that for months at a time during those years there were no blue flags or blue lights provided in the Jackson yards for the use of the men; that the officers of the defendant who managed and made the rules were frequently in the Jackson yards during all those years, and were familiar with the practice of making repairs on the switch tracks of a character which required the men to place themselves in positions on, under, or about the cars where the movement of the cars could result in injury to them, without the use of either blue flags or blue lights, and knew that the blue signal rule was constantly and habitually violated in said yards, and that the men engaged in repairing cars in those yards were wholly without the protection of any rule or system making it reasonably safe to perform the work of repairing cars there."

At the conclusion of the opening statement, defendant's counsel moved for a directed verdict, which motion was granted, and judgment was entered thereon. Plaintiff now reviews that judgment in this court.

It is his claim that under the testimony of the plaintiff in the case, even though Downs be held to be a fellow-servant, he is nevertheless entitled to recover, when he shows that the rules formulated and promulgated for the safety of the employees of the defendant, including the plaintiff, were habitually violated to the knowledge of the officers of the com-

pany who "managed and made the rules." This contention would have weight, were it not for the fact that plaintiff, as is shown by his testimony upon the former trial, stated that he knew nothing of the rule in question, and that he relied upon the assurances of Mr. Downs, his fellow-servant, to afford him protection. As stated in our former opinion, he testified:

"That he understood that this protection meant that the car foreman would send a man or men with him to stand alongside the cars and notify him of the approach of an engine with cars which would put him in danger by moving the cars where he was working."

Under these circumstances, it seems to us unimportant whether the rule in question was enforced or not, because plaintiff entered upon the service which caused his injury, not in reliance upon the rules, but in reliance upon a specific assurance given him by a fellow-servant, the consequences of whose negligence may not, under the authorities, be visited upon the master. A perusal of the opening statement, coupled with an examination of plaintiff's testimony upon the former trial, convinces us that the learned circuit judge was not in error in directing a verdict for the defendant.

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.