EVENSON *v.* STATE MUTUAL RODDED FIRE INSURANCE COMPANY OF MICHIGAN.

1. EVIDENCE—PROBATIVE VALUE—INTOXICATING LIQUOR.
   That insured had intoxicating. liquor in house in which he was living at time of trial would have no probative force in establishing that he had liquor in insured building at time it was burned, about two months previously.

2. INSURANCE—ARBITRATION AND AWARD—AWARD VACATED WHERE BASED ON MISTAKE OF LAW.
   Award of arbitrators denying liability of insurer for loss of building was properly set aside, where it is apparent that their decision was based on mistake of law.

Appeal from Lapeer; Smith (Henry H.), J.  Submitted October 14, 1931.  (Docket No. 121, Calendar No. 35,473.)  Decided December 8, 1931.

Bill by Bert Evenson against State Mutual Rodded Fire Insurance Company of Michigan to set aside arbitrators' award and for money decree. Decree for plaintiff.  Defendant appeals.  Affirmed.

*George W. Des Jardins,* for plaintiff.

*Kinnane & Leibrand,* for defendant.

SHARPE, J.   On November 28, 1927, plaintiff made application to defendant for insurance on a dwelling house then under construction, and on December 3, 1927, a policy was issued by it in conformity therewith in the sum of $1,000.   Annexed to the application was a statement by an agent of the defendant that he had "personally inspected this property and recommended the above application for insurance as a good risk both as to physical and moral hazard."   Plaintiff lived in a house about 100 feet from that insured.

The building insured was destroyed by fire on March 30, 1929.   Proof of loss was filed with the defendant on or about April 2d.   On June 6th the defendant wrote the plaintiff:

"We are in receipt of your proof of loss for loss of dwelling house, which occurred Mar. 30, 1929, insured under our policy No. 43491.

"You are hereby notified that the State Mutual Rodded Fire Insurance Company, of Michigan, deny all liability for said loss for the reason that the house in question was being used for illegal purposes, to-wit: for the purpose of manufacturing, storing, transporting, selling or giving away of intoxicating liquor by reason of which said fire occurred and this company was injured.

"If you are not satisfied with the above adjustment of your claim you should appeal to the board of arbitration provided for in article 5 of the charter, printed on your policy."

An arbitration proceeding was thereafter had, pursuant to the terms of the policy, resulting in a

finding on July 18th that the company was not liable for the loss.

On September 27, 1929, the insured filed the bill of complaint herein, setting up the issuance and terms of the policy, the loss by fire, the denial of liability by the defendant, the arbitration proceedings, the interest of the arbitrators, and alleging that no evidence was produced before them on which their decision could be based, and asking that it be decreed to be null and void and that plaintiff have decree for the amount due him under the policy. Plaintiff had decree. Defendant appeals.

The meritorious question here presented is stated by counsel for the appellant as follows:

"Was there evidence before the arbitrators from which they could infer that the illegal liquor manufacturing and traffic contributed to the loss?"

This is but a restatement of the reason assigned by the secretary for denial of liability in his letter of June 6th. When examined as a witness before the arbitrators, the secretary testified that it was "the only question in dispute."

After formal proof before the arbitrators of the issuance of the policy, the fire, and the proof of loss, the sheriff of the county was called as a witness by the defendant. He testified that on August 11, 1928, he went to the building insured, armed with a search warrant, and found therein a considerable quantity of whisky, home brew, and mash, and that there was a boiler and a gasoline or oil stove therein. While the record is not clear, it may be presumed that he took possession of the incriminating evidence. The sheriff, however, testified that the plaintiff was not convicted.

The defendant then questioned the sheriff concerning a visit made by him to the house in which the plaintiff lived, being again armed with a search warrant, in the month of May, 1929, and, over objection, he testified that he found therein—

"a small amount of gin and he dumped some beer on us that time and broke the bottles of liquor in the room and had the door locked. We found a quantity of mash for the making of home brew and some gin, small amount of gin—it was less than a pint."

The plaintiff, when called as a witness in his own behalf, denied any knowledge of liquor having been kept or stored in the building insured when raided by the sheriff in August, 1928. Counsel for the defendant then sought to question him about the liquor found by the sheriff in his home in May, 1929, but, acting on the advice of his counsel, he refused to answer, on the ground that he might thereby be compelled to incriminate himself as the charge therefor was then pending in the court. Counsel for the defendant insist that his refusal to answer these questions "estopped" him "from maintaining this suit."

A part of section 9 of the by-laws of the defendant provides that in the event of the loss by fire the insured "shall immediately furnish any and all material evidence requested, and if there be any fraud or evasion in writing or otherwise in connection with said examination or in the furnishing of material evidence, * * * the insured shall forfeit all claim against the company."

The issue before the arbitrators was the liability of the defendant for the loss of the building destroyed on March 30, 1929. It seems clear to us that the use made by the plaintiff of the house in

which he was living in the month of May thereafter could have no probative force in establishing the fact that liquor was in the building insured at the time of the fire. It also clearly appears that his refusal to answer the questions above referred to could not be construed into an admission that he was conducting an illicit business in the building insured when it was burned. It is apparent that the action of the arbitrators was based on such refusal. In *Early* v. *Tussing,* 182 Mich. 314, 329, 330, it was said:

"The conclusion and award of the arbitrators * * * was a gross and palpable mistake of law, and cannot be sustained. The award must therefore be vacated and set aside."

In our opinion, the trial court was justified in so concluding under the facts in this case, and the decree is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.